KAREN NELSON MOORE, Circuit Judge,
dissenting.
I respectfully dissent from the majority’s conclusion that the decision of Broad-spire, the Plan’s administrator, was not arbitrary and capricious. Most important, similar to its defective rationale described in Bennett v. Kemper National Services, Inc., 514 F.3d 547 (6th Cir.2008), Broad-spire once again failed to explain why it disagreed with the Social Security Administration’s disability determination in favor of Morris. We have observed that a plan administrator’s failure to consider the Social Security disability determination is a “significant factor” that weighs in favor of finding a plan’s termination of benefits to be arbitrary and capricious. Glenn v. MetLife (Metro. Life Ins. Co.), 461 F.3d 660, 669 (6th Cir.2006), aff’d, 554 U.S. 105, 128 S.Ct. 2343, 171 L.Ed.2d 299 (2008); see also Bennett, 514 F.3d at 553-54. Although the Plan here required claimants to *991 file for Social Security disability benefits and then offset such benefits against Plan benefits, Broadspire did not discuss in its three denial letters to Morris its reasons (if any) for disagreeing with the Social Security disability determination. Our decision in Bennett requires that the benefits-denial letters provide “discussion about why the administrator reached a different conclusion from the SSA” and rejects the adequacy of “mere mention of the [SSA] decision” as one of many items considered by the Plan administrator. Id. at 553 n. 2. As in Bennett, we should “vacate the judgment of the district court and remand with instructions to remand to Broadspire for a full and fair review.” Id. at 556.
In addition, I believe that on remand some weight should be placed on the conflict of interest that exists in light of Broadspire’s mission statement that it seeks to help client-employers “contain costs” and affect their “bottom line.” As in Glenn, the existence of a conflict of interest should be weighed as a factor in applying the deferential standard of review when plan administrators are afforded discretion under the terms of the plan. Glenn, 554 U.S. at 114-18, 128 S.Ct. 2343, 2350-52, 171 L.Ed.2d 299.
Finally on remand Broadspire should assure itself and any future reviewing entities that the evaluators such as the vocational expert creating the Employability Assessment Report consider all relevant medical reports, especially including those of treating physicians Dr. Dadmehr and Dr. Stark, which appear to have been tunneled through peer review reports rather than directly provided.
I respectfully dissent.